# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DARRELL KADO,<br><br>  Plaintiff,<br><br>  vs.<br><br>PERFORMANCE CONTRACTING, INC.;<br>DAVID GRESIZ; GARY HATCH;<br>DARREN SALCIDO; FRANK LAGLER;<br>DAVILA,<br><br>  Defendant. | CASE NO. 11-CV-1602 JLS (MDD)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING MOTION TO APPOINT COUNSEL; AND (3) SUA SPONTE DISMISSING DISPARATE IMPACT CLAIM UNDER 28 U.S.C. § 1915(e)(2)**<br><br>(ECF Nos. 2, 3) |

Plaintiff Keith Darrell Kado proceeding pro se, has filed a complaint (Compl., ECF No. 1), along with a motion for leave to proceed *in forma pauperis* (IFP) (IFP Mot., ECF No. 2) and a request for appointment of counsel (Mot. to Appoint Counsel, ECF No. 3). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Here, Plaintiff is unemployed and his only source of income is $1388 in monthly unemployment benefits. (IFP Mot. 2.) His apparently owns no assets of value and has current obligations in the amount of $862 per month. (*Id.* at 2–3.) Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, his motion to proceed IFP is **GRANTED**.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP is subject to a mandatory sua sponte review and dismissal to the extent that it (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B)(i)–(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners . . . ."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6). The Court must liberally construe "the 'inartful pleadings' of pro se litigants." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing, *inter alia*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Plaintiff's alleges two causes of action for disparate impact employment discrimination and wrongful termination, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to e-17. To establish a Title VII disparate impact claim, Plaintiff must show "'that a facially neutral employment practice has a "significantly discriminatory" impact upon a group protected by Title VII.'" *Paige v. Cal.*, 291 F.3d 1141, 1144 (9th Cir. 2002) (quoting *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 481 (9th Cir. 1983)). Specifically, Plaintiff must (1) identify a specific employment practice of Defendant, (2) identify a significant discriminatory impact on the protected class of which Plaintiff is a member, and (3) demonstrate that the identified practice causes the identified impact. *Id.* at 1145.

Here, Plaintiff arguably identifies a facially neutral employment practice of Defendants. Specifically, Plaintiff alleges that Defendants hire, promote, and favorably evaluate their friends and family members, all to the detriment of other employees. (*See* Compl. ¶¶ 1(a), 2, 4; *cf. Thomas v.*

1 *Wash. Cnty. Sch. Bd.*, 915 F.2d 922, 925 (4th Cir. 1990) ("[W]hen the work force is predominantly white, nepotism and similar practices which operate to exclude outsiders may discriminate against minorities as effectively as any intentionally discriminatory policy.").)  However, Plaintiff fails to identify a significant discriminatory impact on the protected class of which he is a member, to wit, African–Americans.  He does not cite any quantitative data that show how Defendants' nepotism practice has adversely affected African–Americans, nor does he allege with sufficient factual detail a series of discrete episodes of nepotism to raise a plausible inference that it has a discriminatory impact on African–Americans.  *See McCoy v. Canterbury*, 2010 WL 5343298, at \*5 (S.D. W. Va. Dec. 20, 2010).  Because Plaintiff fails to allege this essential element, his disparate impact claim fails.

To establish a Title VII retaliation claim, Plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action[,] and (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).  "[A]n adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1237 (9th Cir. 2000).  To establish causation, a plaintiff must show that engaging in the protected activity was one of the reasons for the adverse employment action and that but for such activity the adverse employment action would not have occurred. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir. 2002).

Here, Plaintiff's complaint alleges that, after Plaintiff filed a charge with the EEOC, his supervisor retaliated against him by harassing him, creating a hostile work environment, and, ultimately, laying him off. (Compl. ¶ 3.)  Although the complaint contains only the barest factual allegations to support this claim, the Court nevertheless concludes that it sufficiently alleges the necessary elements of protected activity, adverse employment action, and causation.  Accordingly, the complaint states a claim for retaliation in violation of Title VII.

**MOTION TO APPOINT COUNSEL**

"There is no constitutional right to appointed counsel for employment discrimination claims." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In actions brought under Title VII however, a court may appoint counsel under 42 U.S.C. § 2000e-5(f)(1), which authorizes appointment of counsel "in such circumstances as the court may deem just."  "Three factors are

relevant to the trial court's determination whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claims." *Ivey*, 673 F.2d at 269.

Here, there is no dispute that Plaintiff lacks sufficient financial resources to hire counsel because he is proceeding IFP in this action. However, Plaintiff has not made any effort to secure counsel on his own. (Mot. to Appoint Counsel 3.) Further, as the Court concluded *supra*, Plaintiff fails to state a claim for disparate treatment discrimination. And because the complaint contains only the barest factual allegations to support Plaintiff's Title VII retaliation claim, the Court cannot conclude that this claim has sufficient merit to require appointment of counsel. Accordingly, the Court concludes that the circumstances do not warrant appointment of counsel at this time.[1]

## CONCLUSION

For the reasons stated, Plaintiff's motion to proceed IFP is **GRANTED**, his motion to appoint counsel is **DENIED WITHOUT PREJUDICE**, and his disparate impact discrimination claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint addressing the deficiencies noted in this Order within 28 days of the date that this Order is electronically docketed. If Plaintiff's amended complaint survives sua sponte screening under 28 U.S.C. § 1915(e)(2), the Court will direct the United States Marshal to serve the summons and complaint upon Defendants at that time.

**IT IS SO ORDERED.**

DATED: August 19, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] The Court recognizes that circumstances may change so as to justify appointment of counsel. If so, Plaintiff may renew his motion at that time.