# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DARRELL KADO, <br><br> Plaintiff, <br><br> vs. <br><br> PERFORMANCE CONTRACTING, INC. et al., <br><br> Defendant. | CASE NO. 11-CV-1602 JLS (MDD) <br><br> **ORDER: (1) DENYING MOTION TO PROCEED IFP; (2) DENYING MOTION TO APPOINT COUNSEL; AND (3) DIRECTING SERVICE OF FIRST AMENDED COMPLAINT** |

On August 19, 2011, the Court granted Plaintiff Keith Darrell Kado's motion to proceed *in forma pauperis* ("IFP"), denied his motion to appoint counsel, and sua sponte dismissed his Complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 4.) Plaintiff subsequently filed a First Amended Complaint ("FAC") (ECF No. 5) as well as another motion to proceed IFP (ECF No. 6) and motion to appoint counsel (ECF No. 7).

**SUA SPONTE SCREENING**

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and shall order the sua sponte dismissal of any case

1 it finds "is frivolous or malicious," "fails to state a claim on which relief may be granted," or
2 "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.
3 § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122,1126–27 (9th Cir. 2000) (en banc) (noting
4 that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP
5 complaint that fails to state a claim).

6 Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte
7 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as
8 amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to
9 the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the
10 U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at
11 1127; *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

12 "[W]hen determining whether a complaint states a claim, a court must accept as true all
13 allegations of material fact and must construe those facts in the light most favorable to the
14 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398
15 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
16 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In
17 addition, the Court has a duty to liberally construe a pro se plaintiff's pleadings, *see*
18 *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly
19 important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving
20 liberal interpretation to a pro se litigant's complaint, however, the court may not "supply essential
21 elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*,
22 673 F.2d 266, 268 (9th Cir. 1982).

23 Having conducted an initial screen of the FAC, construing it liberally, the Court finds that
24 Plaintiff's claims are sufficiently pleaded to survive the sua sponte screening requirement of 28
25 U.S.C. § 1915(e)(2). Accordingly, Plaintiff is entitled to U.S. Marshal service on his behalf. *See*
26 *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915(d) ("The
27 officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed.
28 R. Civ. P. 4(c)(3) (courts must "order that service be made by a United States marshal or deputy

1 marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").
2 Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is
3 cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may
4 choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## MOTION TO APPOINT COUNSEL

As stated in the Court's previous Order denying Plaintiff's motion to appoint counsel, "[t]here is no constitutional right to appointed counsel for employment discrimination claims." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In actions brought under Title VII, the Court may appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Three factors are relevant: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claims." *Ivey*, 673 F.2d at 269. In his prior motion to appoint counsel, Plaintiff had not shown any effort to secure counsel on his own. He now submits letters documenting three failed attempts to secure counsel on his behalf. (*See* FAC 2-4.) There is also no dispute that Plaintiff lacks sufficient financial resources to hire counsel because he is proceeding IFP in this action. However, the Court cannot conclude based on the evidence before it that Plaintiff's claims are sufficiently meritorious to require appointment of counsel. Accordingly, the Court again concludes that the circumstances do not warrant appointment of counsel at this time, and **DENIES** Plaintiff's motion without prejudice.

## CONCLUSION

Plaintiff's motion to proceed IFP is **DENIED AS MOOT**, the Court having already granted Plaintiff IFP status. For reasons stated above, the Court directs service of Plaintiff's FAC. The Clerk shall issue a summons as to Plaintiff's FAC upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of the FAC and the summons. Upon receipt of this "IFP Package," Plaintiff is directed to complete the forms as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a

copy of the FAC and summons upon Defendants as directed by Plaintiff on the forms. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Defendants shall reply to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants or counsel of Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

DATED: May 10, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge